

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 2022 – 04315

DIVISION "I"

SECTION 15

**ALBERT J. HYNES**

VS.

**LAKEFRONT MANAGEMENT AUTHORITY, BOARD OF COMMISSIONERS OF THE SOUTHEAST LOUISIANA FLOOD PROTECTION AUTHORITY-EAST, BRUCE L. A. MARTIN, DONALD P. JUNEAU, AB INSURANCE COMPANY, AND CD INSURANCE COMPANY**

FILED: _____     _____

　　　　　　　　　　　　　　　　　　　　　　　**DEPUTY CLERK**

**PETITION FOR DAMAGES**

The petition of Albert J. Hynes, a major resident and domiciled in St. Tammany Parish,

Louisiana with respect represents:

> CHELSEY RICHARD NAPOLEON
> CLERK, CIVIL DISTRICT COURT
> 402 CIVIL COURTS BUILDING
> 421 LOYOLA AVENUE - ROOM 402
> NEW ORLEANS, LA 70112
> 504 - 407 -0000

1.

Made defendants herein are:

> Receipt Date      5/16/2022 1:48:00 PM

  A.　Lakefront Management Authority (Lakefront Management), a political subdivision of the

      State of Louisiana created pursuant to ***La. R.S. 38:330.12.1*** and domiciled in Orleans

      Parish, Louisiana

> Cashier          jboe
> Register          CDC Cash Register 1
> Case Number       2022 -04315

  B.　Board of Commissioners of the Southeast Louisiana Flood Protection Authority-East

> Grand Total       $524.50

      (Southeast Flood Protection), a political subdivision of the State of Louisiana created

> Balance Due       $0.00

      pursuant to ***La. R.S. 38:330.1, et seq.***, whose commissioners exercise authority over

> Payment / Transaction List

      Orleans Levee District territory in Orleans Parish, Louisiana

> Check #  1481     $524.50

  C.　Bruce L.A. Martin, a major resident and domiciled in Plaquemine Parish, Louisiana sued

      individually, and as an employee of defendant Lakefront Management.

> Item Description          Charged      Paid      Bal
> Petition for Damages      $444.50     $444.50    $0.00

  D.　Donald P. Juneau, a major resident and domiciled in St. Charles Parish, Louisiana sued

> Building Fund Fee         $25.00      $25.00     $0.00

      individually, and as an employee of defendant Southeast Flood Protection Orleans Levee

> JSC                       $26.50      $26.50     $0.00

      District Police.

> Supreme Court- Proc       $10.00      $10.00     $0.00
> essing Fee
> Exhibits (Paper)          $8.00       $8.00      $0.00



**Exhibit 1**

E. AB Insurance Company, a company authorized to and doing business in Louisiana and at all times herein the liability insurer of defendant Lakefront Management and its employees

F. CD Insurance Company, a company authorized to and doing business in Louisiana and at all times herein the liability insurer of defendant Southeast Flood Protection and its employees.

2.

The defendants are liable jointly, severally and in solido for all damages due under the premises plus all court costs, exemplary damages, reasonable attorney's fees, and judicial interest from date of demand until paid for this.

3.

Petitioner was employed as a civil service Southeast Flood Protection Orleans Levee District police officer on or about March 11, 2019.

4.

Petitioner was assigned to defendant Lakefront Management's New Orleans Lakefront Airport in New Orleans, Louisiana as the Orleans Levee District Police security, and liaison officer between the Orleans Levee District Police and management at Lakefront Management's Lakefront Airport.

5.

On or about August 10, 2020 defendant Martin, in his capacity as Airport Director for the Lakefront Airport, filed a written complaint against petitioner addressed to Wilma Heaton, a member of defendant Lakefront Management.

6.

Defendant Martin alleged petitioner:

A. was a liability to defendant Lakefront Management while at the airport, brought no value to the airport, and a waste of the airport's money

B. was biased against and harassing Flightline First's general manager, neglecting to assist her needs in favor of Signature Aviation's general manager.

**Exhibit 1**

C. failed to take a driver's test for operating a vehicle on the airport's non-public taxiways and runways, allegedly required by the FAA to drive in those areas

D. operates an unmarked police vehicle and does not wear a police uniform at the airport

E. does not work evening hours at the airport

F. on March 23, 2020 left his vehicle's rear door open and there may have been an AR-15 in the trunk

G. on April 27, 2020 harassed two minority males one of whom flew in on a private plane for an interview with a representative of Flightline First

H. does not conduct patrols around the airport unless he thinks it will get him a headline with DEA or FBI.

I. signals out minorities at the airport without just cause.

7.

Four months later, on or about December 10, 2020 petitioner for the first time was notified in writing by Derek E. Boese, Chief Administrative Officer of defendant Southeast Flood Protection , he was under investigation and suspended for the below listed violations of policies in Southeast Flood Protection's Employee Handbook namely:

A. used threatening, abusive, foul, offensive, or language insulting to the public or group of individuals

B. committed acts of sexual or other types of prohibited harassment

C. was discourteous while carrying out his duties

D. was negligent in carrying out his duties.

8.

CAO Boese alleged in writing there were multiple employees of defendant Lakefront Management airport, business enterprise representatives and private citizens who made the complaints.

9.

Kerry Najolia, Superintendent of the Orleans Levee District Police, was not previously notified of all of the complaints listed below against petitioner known by defendants since on or before

**Exhibit 1**

December 10, 2020 and given the opportunity to investigate and/or take corrective action per the policy of the Orleans Levee District Police.

10.

On or about February 22, 2021 petitioner received a written notice from CAO Boese the below listed employee policy violations by petitioner were sustained:

A. Sexual Harassment- petitioner allegedly engaged in unwelcomed conduct of a sexual nature towards multiple female persons at the Lakefront Airport

B. Moral Conduct- petitioner disparaged what CAO Boese described as persons of color, accusing them of lying and being on the premises to purchase drugs without verifying if one of the persons stopped on airport property was on the property for an interview.

C. Neglect of Duty- petitioner exhibited racially biased conduct while on-duty at the Lakefront Airport from March to September 2019, and ignored the airport's organizational line of supervision.

D. Firearms- petitioner left a firearm unsecured and unattended in plain view in his parked unmarked police unit; left an unsecured weapon in an unlocked non-police vehicle; and notified a defendant Lakefront member on August 25, 2019 he may have left his on-duty firearm unsecured, later found in the office unsecured.

11.

Petitioner retained an attorney for the civil service hearing who responded to CAO Boese's sustained allegations as follows:

A. Sexual Harassment- only one sexual harassment complainant was identified by defendants at the Lakefront Airport. The female complainant perceived petitioner as a *creepy old white guy who wore cowboy boots,* and petitioner is informed and believes and on such information and belief alleges her visual perception served as the basis for her sexual harassment complaint. Petitioner denies all allegations of sexual harassment. Petitioner only interacted with the female complainant when, as liaison officer, he went to speak with Louis Capo, Executive Director of defendant Lakefront Management. Mr. Capo's office adjoined complainant's office. He also spoke to her occasionally in his capacity as a liaison officer about airport procedure regarding matters such as the need

**Exhibit 1**

for a permit.  Petitioner is informed and believes and on such information and belief alleges Mr. Capo and another witness were deliberately not interviewed by defendant Juneau.  Capt. Juneau was assigned by defendant Southeast Flood Protection's non-police department supervisors to investigate all complaints against petitioner months after it was alleged the violations occurred.

B.  Courtesy and Profane language- Petitioner was not given the names of the person(s) who complained he was discourteous and/or used profane language, other than when it was included in the other alleged policy violations.

C.  Moral Conduct- a review of the statements of defendants described by CAO Boese as *people of color* revealed neither complainant informed defendant Juneau petitioner made remarks about their ethnicity nor did it play a role in petitioner's actions on April 27, 2020.  The airport was closed to the public due to the Covid-19 pandemic.  The complainants' major concern was petitioner was a security guard impersonating a police officer even though petitioner identified himself as a police officer.  Both men were white males.  The manager of Signature Aviation previously alerted petitioner to the two men who were observed driving around an airport parking lot twice, and then parked again. The alleged complaint by the two males, filed in early May 2020 was not brought to the attention of Superintendent Najolia and petitioner's immediate supervisor shortly after the incident occurred.  Defendant Juneau did not interview defendant Martin.

D.  Pattern of Racially Biased Conduct- The allegation petitioner is racially biased was partially if not fully based on former Airport Manager Tyrone Powell's mistaken belief petitioner shot an African-American when he was a New Orleans Police Officer.  Mr. Powell opined petitioner bypassed him while he was airport manager because he was black.  Powell mistakenly believed he was petitioner's supervisor and his assignment was to issue badges.  Petitioner is informed and believes and on such information and belief alleges Mr. Powell believed Mr. Martin understood petitioner was a racist because Martin's wife or girlfriend was African-American.  Petitioner's chain of supervisors at the Orleans Levee District Police Department did not include defendant Lakefront Management's airport supervisors.  Petitioner was never told by Orleans Levee District

**Exhibit 1**

Police supervisor(s) defendant Lakefront Management airport supervisors were also his supervisors while he was assigned to the Lakefront Airport and instructed to report to one of them for assignments. Petitioner is informed and believes and on such information and belief alleges Mr. Powell is an opportunist who does not hesitate to use the *race card*. Mr. Powell was terminated in September 2019 for not reporting to work during Tropical Storm Barry.

E. Leaving Weapons Unattended- A closer examination of the text messages sent by complaint alleging petitioner's police unit's rear hatch door was open did not allege there was a weapon in the rear of an SUV. The complainant's text stated, *Hope there are no guns in his vehicle*. The complainant based her allegations solely on information from police friends who told her they stored their weapons in a trunk, not what she actually saw in the rear of the SUV. Photos furnished by the complainant do not show a weapon in the rear section of petitioner's SUV. Petitioner is informed and believes and on such information and belief alleges the complainant believed petitioner desired to arrest her when defendant Juneau interviewed her in September 2020. Defendant Juneau intentionally did not interview federal law enforcement witnesses, whose names were given by petitioner to be interviewed during his investigation. Petitioner's witnesses were able to address why complainant feared she would be arrested, and other complaints allegedly filed against petitioner by the manager of Flightline First.

While defendant Southeast Flood Protection has a policy requiring specific equipment for the safe storage of a rifle, it does not supply the firearms and equipment necessary to comply with the policy. Petitioner purchased his own locking case for his issued patrol rifle.

Mr. Powell complained he once sat in an airport vehicle temporarily assigned to petitioner and observed an AR-15 in the rear seat. Mr. Powell allegedly got a spare key to the vehicle from his office, unlocked the vehicle, sat in it, then got out of the vehicle and locked it. He later discussed his observations of a rifle with defendant Martin without any other supporting evidence, and could not state who retrieved the rifle from

**Exhibit 1**

the car.  Both Powell and defendant Martin were more interested in complaining about

petitioner having an assigned take home car and they did not.

Petitioner denies he left his on-duty automatic handgun in his office.  Assuming this

incident actually took place, the complaint petitioner left his on duty weapon in his office

confirms the incident did not violate defendant Southeast Flood Protection's employee

policy regarding weapons since his handgun was in his private office.

12.

During his investigations, defendant Juneau opened an interview by telling witnesses he

believed the facts supporting their complaints.

13.

Defendant Juneau intentionally phased his questions to solicit an answer supporting the

complaint and petitioner's pre-determined termination.

14.

During his interview with the female who made the sexual harassment complaint against

petitioner defendant Juneau urged her to contact him directly and opined petitioner's

conduct was unbecoming an officer, disparaging his own police department and the

superintendent.

15.

Petitioner is informed and believes and on such information and belief alleges defendant

Juneau intentionally violated Orleans Levee District Police's internal policies and

procedures by intentionally failing to keep Supt. Kerry Najolia updated on the

investigation and presenting his completed internal affairs report through Supt. Najolia's

for review and approval before it was forwarded to CAO Boese.

16.

On or about March 10, 2021CAO Boese notified petitioner in writing he was terminated

effective that date, stating petitioner's conduct impaired defendant Southeast Louisiana

Flood Protection's and Orleans Levee District Police Department's efficient and orderly

providing public service to the community and the Lakefront Airport, and undermined

**Exhibit 1**

trust in defendant Louisiana Flood Protect and the Orleans Levee District Police

Department.

17.

On March 22, 2021 petitioner timely appealed his termination to the Louisiana State Civil

Service Commissioners, docket # S-18734.

18.

On May 21, 2021 Civil Service Referee Brent Frederick issued a Notice of Possible

Defects in Appeal requesting a memorandum opposing why a judgment should not be

entered, or certain allegations should not be struck from petitioner's disciplinary notice.

19.

Fearing defendants would continue their plan to embarrass, humiliate, and again fire

petitioner at the first opportunity if he were reinstated as an employee of defendant

Southeast Louisiana Flood Protection, petitioner and defendant reached a Settlement

Agreement wherein petitioner was deemed to have resigned effective December 31,

2021.

20.

Petitioner received back pay and any emoluments due between March 10, 2021 and

December 31, 2021 and counseling would be the appropriate action for violating the rules

cited in the agreement.

21.

Petitioner's appeal was dismissed after the settlement agreement was approved by all

parties and Referee Frederick.

22.

Petitioner is informed and believes and on such information and belief alleges defendants

Southeast Louisiana Flood Protection and Juneau's materially flawed internal affairs

investigation and recommendations, and subsequent bypassing petitioner's police

supervisors was conducted and processed for the intentional purpose of wrongfully

terminating him because he is a senior white male and a whistleblower; or in the

**Exhibit 1**

alternative defendants Southeast Louisiana Flood Protection and Juneau negligently breached their duties as follows:

A. Failing to timely notify petitioner and his Orleans Levee District supervisors of each complaint lodged against petitioner and allow the superintendent to investigate and take appropriate action is necessary

B. Failing to properly follow policies and procedures detailing how a complaint against an Orleans Levee District police officer should be investigated

C. Failing to conduct the investigation(s) objectively and without bias

D. Failing to locate and interview all witnesses or people who had knowledge of the incidents or activity complained of

E. Failing to gather all items supporting or not supporting the allegations contained in the complaints

F. Targeting petitioner for termination and terminating him without just cause

G. Obstructing possible criminal investigations by local and federal law enforcement officials.

23.

Petitioner is informed and believes and on such information and belief alleges defendant Lakefront Management and its supervisors at the Lakefront Airport were informed on more than one occasion of petitioner's assigned duties while serving in the capacity of security and liaison officer at the airport, and he reported to supervisors at the Orleans Levee District Police for additional duties.

24.

At all times herein defendants Southeast Louisiana Flood Protection, Lakefront Management, Martin, and Juneau held petitioner to a higher standard of performance than his female and younger males and minority counterparts because he is a senior white male, described by one complainant as wearing boots all in violation of *La. R.S. 23:301, et seq*. and *Title VII, 42 U.S.C. § 2000e, et seq.*

**Exhibit 1**

25.

Petitioner is informed and believes and on such information and belief alleges defendants
conspired to and carried out a plan to create a hostile work environment and/or terminate his
employment with defendant Southeast Louisiana Flood Protection simply because he was white,
over 40 years of age, and did not go along with possible administrative and/or illegal violations
at the airport to get along with airport supervisors and business personnel, all in violation of *La.
R.S. 23:301, et seq*. and *Title VII, 42 U.S.C. § 2000e, et seq*.

26.

Petitioner is informed and believes and on such information and belief alleges he observed and
was the recipient of disparate disciplinary action taken by defendants when it came to
entertaining complaints against and later disciplining  him, when compared to defendants
entertaining similar complaints and later disciplinary action involving younger and minority
males, and female police officers for the same or similar alleged violations of defendants
Southeast Louisiana Flood Protection and Lakefront Management policies; creating a disparate
and hostile work environment for him all in violation of *La. R.S. 23:301, et seq*. and *Title VII,
42 U.S.C. § 2000e, et seq*.

27.

Petitioner is informed and believes and on such information and belief alleges defendants written
accusations are false and libelous.

28.

State courts have concurrent jurisdiction with federal courts to adjudicate claims arising under
*Title VII of the Civil Rights Act 42 U.S.C. § 2000e, et seq.; Yellow Freight System, Inc. v.
Donnelly, 494 U.S. 820, 821, 110 S. Ct. 1566,1567, 108 L. Ed. 2d 834; Smith v. Lorch, 98-0319
(La. App. 1 Cir. 04/04/1999); 730 So.2d 530, 533*.

29.

Petitioner suffered the below damages as a result of defendants' acts of gender, race and age
discrimination, disparate treatment, and creation of a hostile work environment:

    A.  Past, present, and future loss of wages

    B.  Past, present, and future loss of reputation in the community

**Exhibit 1**

C. Past, present, and future keen mental anguish

D. Past, present, and future loss of enjoyment of his chosen career.

30.

Attach to, and made a part of this petition and marked **Exhibits 1 & 2** respectively is a notice of

petitioner's right to sue letter and an official complaint with the Louisiana Ethics Commission.

**Wherefore,** petitioner Albert J. Hynes, III prays after all legal delays and due proceedings there

is judgment in his favor and against defendants Lakefront Management Authority, Board of

Commissioners of the Southeast Louisiana Flood Protection Authority-East, Bruce L.A. Martin,

Donald P. Juneau, AB Insurance Company, and CD Insurance Company jointly severally, and in

solido for all damages due under the premises plus all costs, exemplary damages, reasonable

attorney's fees, and judicial interest from date of demand until paid.

Raymond C. Burkart, Jr., Attorney at Law, LLC

By: _____
Raymond C. Burkart, Jr. (#3673)
Attorney for Petitioner
321 N. Florida St. # 104
Covington, LA 70433
Tel. # 985.893.3390
Fax # 985.892.4100

**VERIFICATION**

**Before me**, the undersigned notary came and appeared Albert J. Hynes, III and after being duly

sworn did depose and state:

1. He can read, write, and understands the English language

2. He read and understands the allegations contained against the defendants named in the

above petition for damages

**Exhibit 1**

3.  All of the allegations contained therein are true and correct to the best of his knowledge, information, and belief.

Albert J. Hynes, III

**Sworn to and subscribed before me this** **22** **day of** **APRIL** 2022.

Raymond C. Burkart, Jr. (#3673)

**Please Serve:**

Lakefront Management Authority
Thru the Commission Chairman, Anthony Richard
6001 Stars and Stripes Blvd. # 219
N.O., LA 70122

Board of Commissioners of the Southeast Louisiana Flood Protection Authority-East
Thru the Commission President, Mark L. Morgan
6920 Franklin Ave.
N.O., LA 70122

Bruce L.A. Martin
At his place of employment
Lakefront Management Authority
6001 Stars and Stripes Blvd.
N.O., LA 70122

Donald P. Juneau
At his place of employment
Orleans Levee District Police
6920 Franklin Ave.
N.O., LA 70122

**Exhibit 1**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New Orleans Field Office
500 Poydras Street ,Suite809
New Orleans ,Louisiana ,70130
(504) 635-2531
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/22/2022

**To:** Albert J. Hynes III
16 Bleu Lake Drive
COVINGTON, LA 70435

Charge No: 461-2022-01054

EEOC Representative and email:       Vera Sumpter
Investigator
vera.sumpter@eeoc.gov

*CIVIL DISTRICT COURT   2022 MAY 16 PM 1:33   FILED*

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 461-2022-01054.



EXHIBIT ___



VERIFIED

**Exhibit 1**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New Orleans Field Office
500 Poydras Street ,Suite809
New Orleans ,Louisiana ,70130
(504) 635-2531
Website: www.eeoc.gov

On Behalf of the Commission:

Digitally Signed By:Rayford O. Irvin
03/22/2022

Rayford O. Irvin
District Director

**Cc:**
Shelly  Rayborn
HR Director
Lakefront Management Authority
sarborn@NOLAlakefront.com

Raymond  C Burkart
Attorney At LawLaw Office
burkartr@bellsouth.net

Please retain this notice for your records.

**Exhibit 1**

**LAW OFFICES OF RAYMOND C. BURKART, JR., LLC**
**321 N. FLORIDA ST., SUITE 104**
**COVINGTON, LA 70433**
**TEL.  NO. (985) 893-3390**
**FAX (985) 892-4100**

April 25, 2022

Louisiana Ethics Administration Program
P.O. Box 4368
Baton Rouge, LA 70821

Re: Charging Party: Albert J. Hynes, III
      Respondents: Lakefront Management Authority
                Board of Commissioners of the Southeast Louisiana Flood
                Protection Authority-East
                Bruce L.A. Martin
                Donald P. Juneau

Dear Sir or Madam:

Albert J. Hynes, III is lodging a formal Ethics Complaint against Lakefront Management
Authority, a political subdivision of the State of Louisiana pursuant to *La. R.S.38:*
*330.12.1*; Board of Commissioners of the Southeast Louisiana Flood Protection
Authority-East; Bruce L.A. Martin, an employee of Lakefront Management Authority,
and Donald P. Juneau, an employee of the Orleans Levee District Police Department.

Attached is a copy of Mr. Hynes' petition to be filed in the Civil District Court for the
Parish of Orleans.

Also attached is EEOC Notices of Mr. Hynes' right to sue.

If I can be of any further assistance, please feel free to call or write me.

Sincerely,

Raymond C. Burkart, Jr.

enc: petition
cc:  A. Hynes

EXHIBIT 2

VERIFIED

Exhibit 1

(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

Baton Rouge, LA 70821

| | | |
|---|---|---|
| Postage | $ | $3.75 |
| Certified Fee | | $2.05 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $1.48 |

0046
31

Postmark
Here

04/25/2022

Sent To  LOUISIANA ETHICS ADMIN Prog
Street, Apt. No.; or PO Box No.  P.O. BOX 4368
City, State, ZIP+4  BATON ROUGE, LA 70821

PS Form 3800, August 2006                    See Reverse for Instructions

7011 1570 0003 3546 5310

EXHIBIT 1

**Exhibit 1**

ATTORNEY'S NAME:  Burkart, Raymond C 03673
AND ADDRESS:       321 N Flo   Street, Suite 104 , Covington, LA 70433

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2022-04315 | DIVISION: J | SECTION: 15 |
|---|---|---|

### HYNES, ALBERT J.

**Versus**

### LAKEFRONT MANAGEMENT AUTHORITY ET AL

### CITATION

TO:        MARTIN, BRUCE L. A.

AT HIS PLACE OF EMPLOYMENT: LAKEFRONT MANAGEMENT AUTHORITY, 6001
STARS AND STRIPES BLVD, NEW ORLEANS, LA 70122

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay
provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for
your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts
Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New
Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service
operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to
free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-
1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA May 19, 2022**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
by
**Malik Haley, Deputy Clerk**

(00) 2022-4315 - Service Date 06/06/2022 Time 4:17 PM
- BRUCE MARTIN

Personal at 6001 STARS AND STRIPES BD
Gregory Marshall # 492,
Citation & Petition; Serial# 1;

_____
Signature

Mileage: $

00 2022-4315 / 1 / 9935

00 / AJ

Badge # 492

**RETURN**
( servers only)

DOMICILIARY SERVICE

On this _____ day of _____ served a copy of
the within

PETITION FOR DAMAGES

ON  MARTIN, BRUCE L. A.

THROUGH:

by leaving same at the dwelling house, or usual place of abode, in the hands of
_____ a person of suitable age and
discretion residing therein as a member of the domiciliary establishment, whose
name and other facts connected with this service I learned by interrogating
HIM/HER the said **MARTIN, BRUCE L. A.** being absent from the domicile at
time of said service.

Returned the same day
_____ No. _____

Deputy Sheriff of _____

6/9/2022
VERIFIED

ID: 10920510                          Page 1 of 2

**Exhibit 1**

FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 2022-04315          DIVISION: J          SECTION: 15

HYNES, ALBERT J.

Versus

LAKEFRONT MANAGEMENT AUTHORITY ET AL

## CITATION

TO:      JUNEAU, DONALD P.

AT HIS PLACE OF EMPLOYMENT: ORLEANS LEVEE DISTRICT POLICE, 6920
FRANKLIN AVE., NEW ORLEANS, LA 70122

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES

 a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay
provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for
your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts
Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New
Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service
operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to
free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-
1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA May 19, 2022**

**Clerk's Office, Room 402**
**Civil Courts Building**

(00) 2022-4315 - Service Date 06/06/2022 Time 11:43
DONALD P. JUNEAU

Personal at 6920 FRANKLIN AV
Gregory Marshall # 492, Orleans
Citation & Petition; Serial# 2;
Ryan Foster

_____
Signature

_____ No. ___
Deputy Sheriff of _____
Mileage: $ _____        00 2022-4315 / 2 / 9302B
                          00 / AJ

_____
SEl

**CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA**
by _____
Malik Haley, Deputy Clerk

**RETURN**
(ss servers only)

DOMICILIARY SERVICE

On this _____ day of _____ _____ served a copy of
the within
**PETITION FOR DAMAGES**
ON JUNEAU, DONALD P.
THROUGH:
 by leaving same at the dwelling house, or usual place of abode, in the hands of
_____ a person of suitable age and
discretion residing therein as a member of the domiciliary establishment, whose
ame and other facts connected with this service I learned by interrogating
IM/HER the said JUNEAU, DONALD P. being absent from the domicile at
ne of said service.

Returned the same day
_____ No. _____
puty Sheriff of _____

Badge # 492

6/16/2022
VERIFIED

ID: 10920511          Page 1 of 2

**Exhibit 1**

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2022-04315 | DIVISION: J | SECTION: 15 |
|---|---|---|

### HYNES, ALBERT J.

**Versus**

### LAKEFRONT MANAGEMENT AUTHORITY ET AL

### CITATION

TO:  BOARD OF COMMISSIONERS OF THE SOUTHEAST LOUISIANA FLOOD PROTECTION AUTHORITY-EAST

THROUGH:  THE COMMISSION PRESIDENT, MARK L. MORGAN

6920 FRANKLIN AVE., NEW ORLEANS, LA 70122

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA May 19, 2022**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of The Civil District Court for the Parish of Orleans State of LA**
by
**Malik Haley, Deputy Clerk**

(00) 2022-4315 - Service Date 06/06/2022 Time 11:43
BOARD OF COMMISSIONERS FOR THE SOUTHEAST

Personal at 6920 FRANKLIN AV
Gregory Marshall # 492,
Citation & Petition; Serial# 4;
Ryan Foster

Signature

00 2022-4315 / 4 / 9302B

00 / AJ

Badge # 492

**RETURN**
s servers only)

DOMICILIARY SERVICE

On this _____ day of _____ _____ served a copy of the within

PETITION FOR DAMAGES

ON  BOARD OF COMMISSIONERS OF THE SOUTHEAST LOUISIANA FLOOD PROTECTION AUTHORITY-EAST

THROUGH:  THE COMMISSION PRESIDENT, MARK L. MORGAN

by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said BOARD OF COMMISSIONERS OF THE SOUTHEAST LOUISIANA FLOOD PROTECTION AUTHORITY-EAST being absent from the domicile at time of said service.

Returned the same day
_____ No. _____

Deputy Sheriff of _____

VERIFIED

ID: 10920509

Page 1 of 2

**Exhibit 1**

STATE OF LOUISIANA

NO: 2022-04315          DIVISION: J          SECTION: 15

HYNES, ALBERT J.

Versus

LAKEFRONT MANAGEMENT AUTHORITY ET AL

## CITATION

TO:          LAKEFRONT MANAGEMENT AUTHORITY

THROUGH:     THE COMMISSION CHAIRMAN, ANTHONY RICHARD

             6001 STARS AND STRIPES BLVD, #219, NEW ORLEANS, LA 70122

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA May 19, 2022**

**Clerk's Office, Room 402**
**Civil Courts Building**

(00) 2022-4315 - Service Date 06/06/2022 Time 4:57 PM
LAKEFRONT MANAGEMENT AUTHORITY THRU

Personal at 6001 STARS AND STRIPES BD
Gregory Marshall # 492, Orleans
Citation & Petition; Serial# 3;

Signature

Deputy Sheriff ____ Milea   00 2022-4315 / 3 / 9935   Badge # 492
00 / AJ

PARISH

**CHELSEY RICHARD NAPOLEON, Clerk of The Civil District Court for the Parish of Orleans State of LA**
by
**Malik Haley, Deputy Clerk**

'S RETURN
(ess servers only)

DOMICILIARY SERVICE

On this _____ day of _____ served a copy of the within

PETITION FOR DAMAGES

ON LAKEFRONT MANAGEMENT AUTHORITY

THROUGH: THE COMMISSION CHAIRMAN, ANTHONY RICHARD

by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said LAKEFRONT MANAGEMENT AUTHORITY being absent from the domicile at time of said service.

Returned the same day

_____ No. _____

Deputy Sheriff of _____

6/16/2022
VERIFIED

ID: 10920508          Page 1 of 2

**Exhibit 1**