UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALBERT J. HYNES | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 22-2001 |
| | * | |
| LAKEFRONT MANAGEMENT AUTHORITY, ET AL. | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| | * | |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is defendant Donald P. Juneau's Motion to Dismiss. (Rec. Doc. 10). Juneau—an individual—does not qualify as an employer under the employment discrimination laws or the whistleblower statute at issue here and, therefore, to the extent plaintiff seeks to raise such claims against Juneau they must be dismissed. Plaintiff appears to concede that his negligence claim is barred by Louisiana's worker's compensation law. His claim for intentional infliction of emotional distress must be dismissed because the facts alleged do not rise to the threshold of extreme and outrageous conduct. Finally, plaintiff did not allege a claim under 42 U.S.C. § 1983 in his complaint, but even if the court construes his opposition to the motion to dismiss as a request for leave to amend, that request must be denied as futile because plaintiff received constitutionally adequate process. Accordingly, the Motion to Dismiss is GRANTED; plaintiff's claims against Juneau are hereby dismissed with prejudice.

Background

Plaintiff Albert J. Hynes seeks damages for his allegedly wrongful termination from employment as a civil service Southeast Flood Protection Orleans Levee District police officer on or about March 10, 2021. The termination followed an investigation by Captain Donald P. Juneau of the Southeast Flood Protection Orleans Levee District into certain allegations of violations of

1

Southeast Flood Protection policies. These included using threatening, abusive, foul, offensive, or language insulting to the public or a group of individuals; committing acts of sexual or other types of prohibited harassment; being discourteous while carrying out his duties; and negligence in carrying out his duties. Hynes was given written notice of these allegations and of the investigation on December 10, 2020.

According to Hynes, the investigation followed an August 10, 2020, written complaint by Bruce L.A. Martin, Airport Director for the Lakefront Airport where Hynes was assigned, to a member of the Lakefront Management Authority. Martin alleged various concerns about Hynes, including that he was biased, harassing, and neglectful towards Flightline First's general manager in favor of Signature Aviation's general manager; that he failed to take a driver's test for operating a vehicle on the airport's non-public taxiways and runways; that he did not work evening hours; that he left his vehicle's rear door open while there may have been an AR-15 in the trunk; that he harassed two minority males who were at the airport for an interview; that he failed to conduct patrols unless he thought it would get him a headline; and that he was a liability to Lakefront Management while at the airport and was a waste of the airport's money.

Among other things, Hynes complains that Juneau deliberately did not interview certain relevant witnesses. He alleges that Juneau opened his interviews of other witnesses by telling them that he believed the facts supporting their complaint and then phrased his questions to solicit answers supporting the complaint and the pre-determined conclusion that Hynes should be terminated. Hynes alleges that in violation of Southeast Flood Protection policies, Juneau intentionally failed to keep Superintendent Kerry Najiola updated on the investigation and presented his completed internal affairs report for review and approval by Najiola before forwarding it to Chief Administrative Officer Derek Boese. Hynes claims that Juneau negligently

breached his duties and that he targeted Hynes for termination without cause. He alleges that Juneau (race and age unknown) held Hynes to a higher standard of performance than females, younger males, and minorities because Hynes is a senior white male.

On February 22, 2021, Boese provided Hynes with written notice that a list of policy violations had been sustained. Hynes retained an attorney for the civil service hearing and the attorney responded to the allegations. On March 10, 2021, Boese notified Hynes that he was being terminated.

Following his termination, Hynes appealed to the Louisiana State Civil Service Commission. On May 21, 2021, Civil Service Referee Brent Frederick issued a Notice of Possible Defects in Appeal, requesting a memorandum opposing why a judgment should not be entered or certain allegations should not be struck from the disciplinary notice. Hynes and "defendants"—by which he presumably means the Southeast Flood Protection Authority—reached a settlement agreement wherein Hynes was deemed to have resigned effective December 31, 2021. He received back pay and emoluments due between March 10, 2021, and December 31, 2021.

In this lawsuit, Hynes has named as defendants the Lakefront Management Authority, the Board of Commissioners of the Southeast Louisiana Flood Protection Authority-East, Juneau, Martin, and unidentified insurance companies. Hynes has asserted claims against the defendants generally for racial, gender, and age discrimination in violation of state and federal law. He has asserted that he is a whistleblower. He alleges that the complaints against him—presumably the one written by Martin—were false and libelous.

The United States Equal Employment Opportunity Commission issued a notice of right to sue on March 22, 2022. Hynes filed this action in state court on May 16, 2022. Defendants removed

to this court on June 30, 2022. The parties consented to proceed before the undersigned magistrate judge.

Presently before the Court is Juneau's motion to dismiss. He argues that neither the employment discrimination nor the whistleblower statutes provide a cause of action against individual employees. He further argues that Juneau's negligence claim is barred by worker's compensation exclusivity.

In opposition, Hynes fails to address the employment discrimination and whistleblower arguments. He argues that his allegations against Juneau rise to the level of an intentional tort that is not subject to worker's compensation exclusivity. He also argues that his termination deprived him of due process of law and that he has a remedy under 42 U.S.C. §1983.

In reply, Juneau submits that in failing to mention any whistleblower, employment discrimination, or negligence claim in opposition to the motion to dismiss, Hynes has waived any opposition to dismissing those claims. He argues that these claims should therefore be dismissed. Juneau further submits that Hynes appears to assert new claims for intentional infliction of emotional distress and deprivation of federal due process under §1983 that were not plead in his petition. Juneau argues that this court can interpret Hynes' opposition as a request for leave to amend. He argues that the court should do so and should deny the request as futile because he cannot state a claim for either cause of action.

Law and Analysis

1. Standard on a Motion to Dismiss

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and

money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted). Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level." Id. (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

2. *Leave to Amend the Complaint*

Where a plaintiff raises new claims in opposition to a dispositive motion, courts may construe the opposition as a motion for leave to amend the complaint to assert the new claims. Cash v. Jefferson Assocs., Inc., 978 F.2d 217, 218 (5th Cir. 1992).[1] Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should

---

[1] Of course, the court is not compelled to do so. The Fifth Circuit has recently refused to construe a new argument raised in opposition to summary judgment as an implied motion to amend the complaint where plaintiffs were not proceeding pro se. Jackson v. Gautreaux, 3 F.4th 182, 189 (5th Cir. 2021)

freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003). When considering the futility of a proposed amendment, courts use the same standard as applies on a Rule 12(b)(6) motion to dismiss. Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000).

    3. Analysis

        *a. Employment Discrimination Claims*

Hynes does not respond to Juneau's argument that employment discrimination law does not provide a cause of action against an individual. Moreover, it is well settled that Title VII does not create a cause of action against a plaintiff's co-employees. Smith v. Amedisys Inc., 298 F.3d 434, 448 (5th Cir. 2002). The same is true for claims under the ADEA—there is no basis for individual liability. Medina v. Ramsey Steel Co., 238 F.3d 674, 686 (5th Cir. 2001). Nor does Louisiana's Employment Discrimination Law provide a cause of action against individual employees. Postell v. Lane, No. CIV.A. 12-00527-BAJ, 2014 WL 4925665, at *4 (M.D. La. Sept. 30, 2014).

6

Accordingly, to the extent Hynes sought to assert any employment discrimination claims against Juneau, such claims must be dismissed.

### b. *Whistleblower Claims*

Hynes does not respond to Juneau's argument that Louisiana's Whistleblower Law does not provide a cause of action against an individual. Indeed, under Louisiana's Whistleblower Law, only an employer, not a co-worker, can be held liable. See Moody v. Walker, No. CV 20-2656-WBV-DMD, 2021 WL 3423597, at *13 (E.D. La. Aug. 5, 2021).

Accordingly, to the extent Hynes sought to assert a whistleblower claim against Juneau, such claim must be dismissed.

### c. *Negligence and Intentional Torts*

Juneau argues that any negligence claim is barred by Louisiana's Workers' Compensation statute. Apparently conceding this to be true, Hynes argues that he has stated a claim for an intentional tort that is not barred by the Workers' Compensation Statute. Juneau seems to argue that Hynes did not plead any facts in support of an intentional tort and that, therefore, this court should construe Hynes' opposition as a motion for leave to amend. He further argues that amendment would be futile because the alleged acts of Juneau do not rise to the level of severe and outrageous conduct required to state a claim for intentional infliction of emotional distress.

Hynes did not explicitly allege a claim for intentional infliction of emotional distress. But he did allege various intentional actions by Juneau. Whether the court construes Juneau's present complaint as attempting to assert a claim for intentional infliction of emotional distress or whether the court considers his opposition memorandum a request for leave to amend to explicitly assert

such a claim, the same Rule 12(b)(6) standard applies to determining whether he has stated a claim or whether the proposed claim is futile.[2]

The Louisiana Supreme Court instructs that:

> in order to recover for intentional infliction of emotional distress, a plaintiff must establish a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.

White v. Monsanto Co., 585 So. 2d 1205, 1209 (La. 1991). "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Id.  And while Louisiana courts have recognized "a cause of action for intentional infliction of emotional distress in a workplace setting, [Louisiana's] jurisprudence has limited the cause of action to cases which involve a pattern of deliberate, repeated harassment over a period of time." Nicholas v. Allstate Ins. Co., 1999-2522 (La. 8/31/00), 765 So. 2d 1017, 1026; see Smith, 298 F.3d at 450 (holding that evidence of persistent verbal and physical sexual harassment did not reach the threshold of "unendurable" so as to state a claim for intentional infliction of emotional distress).

Although Hynes refers to various "intentional" acts by Juneau, he fails to allege that Juneau intended to cause him severe emotional distress. He has, therefore, failed to state a claim for intentional infliction of emotional distress.[3] Moreover, the alleged actions of Hynes could not possibly amount to the type of deliberate and repeated harassment required to sustain a workplace intentional infliction of emotional distress claim. The allegations against Juneau consist of claims that he intentionally declined to interview certain individuals, opened interviews of other

---

[2] Juneau filed his reply memorandum on August 24, 2022. As of the date of this order, Hynes has not sought to file a sur-reply.
[3] Moreover, Hynes has not alleged that he suffered severe emotional distress.

individuals by stating he believed their complaints, phrased his questions to solicit answers supporting the complaints, urged a witness to contact him directly, and stated his opinion that Hynes' conduct was unbecoming of an officer. He alleges that Juneau was biased and did not keep his supervisor apprised of the status of his investigation and acted with an intent to terminate him because of his age, race, and whistleblower status. The statement of facts that Hynes attached to his opposition memorandum contains no additional allegations as to Juneau. The alleged actions of Juneau are insufficient to reach the threshold of extreme and outrageous conduct necessary to state a claim for intentional infliction of emotional distress. Hynes' claims for negligent and/or intentional infliction of emotional distress must be dismissed.

    d.  *Section 1983 claim*

For the first time in opposition to Juneau's Motion to Dismiss, Hynes claims he is alleging a due process violation by Hynes under § 1983. Nothing in Hynes' petition suggests that he is attempting to assert any such claim. Even if the court construes Hynes' opposition memorandum as a request to amend his complaint to assert a § 1983 claim, that request must be denied as futile.

> Under 42 U.S.C. § 1983
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Violation of an individual's constitutional right to due process can be enforced through a § 1983 claim. Zinermon v. Burch, 494 U.S. 113, 125 (1990). To establish a procedural due process claim, plaintiff must "show that (1) she was deprived of a liberty or property interest protected by the due process clause, and (2) that she was deprived of that interest without constitutionally adequate process." LaCroix v. Marshall Cty., Mississippi, 409 F. App'x 794, 803 (5th Cir. 2011).

9

"In Louisiana, a permanent classified civil service employee has a protected property interest in her job." Wallace v. Shreve Mem'l Libr., 79 F.3d 427, 431 (5th Cir. 1996); see Hudson v. Dep't of Pub. Safety & Corr., Louisiana State Penitentiary, 96-0499 (La. App. 1 Cir. 11/8/96), 682 So. 2d 1314, 1318. Juneau does not dispute that Hynes had a property interest in his job.

In the case of a public employee, due process requires that the employee be provided "some kind of a hearing" prior to termination. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, (1985). At a minimum, the employee is entitled to "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Id. at 546. Where the pretermination hearing is minimal, due process "requires a full hearing after termination" and "at a meaningful time." Schaper v. City of Huntsville, 813 F.2d 709, 716 (5th Cir. 1987). Indeed, courts have held that errors in the pre-termination proceeding can be remedied by post-termination proceedings that meet due process requirements. See Glenn v. Newman, 614 F.2d 467, 472 (5th Cir. 1980).

Here, Hynes alleges that he received written notice of the alleged violations that were subject to investigation. He then received written notice of the policy violations sustained by the investigation. He hired an attorney who represented him at the civil service hearing and responded to the alleged violations. Following his termination, Hynes alleges that he was able to participate in an appeal process. That process resulted in a settlement. Based on the facts alleged in Hynes' complaint, no reasonable fact finder could conclude that Hynes experienced a due process violation. The process that he received was constitutionally adequate on the face of the complaint. Any due process claim against Juneau would be futile and to the extent Hynes' opposition memorandum can be construed as a request for leave to amend, that request is denied.

Conclusion

For the foregoing reasons, the court finds that the employment discrimination laws or the whistleblower statute at issue here do not provide a cause of action against an individual co-worker, and, therefore, to the extent Hynes seeks to raise such claims against Juneau they must be dismissed. Hynes appears to concede that his negligence claim is barred by Louisiana's worker's compensation law. His claim for intentional infliction of emotional distress must be dismissed because the facts alleged do not rise to the threshold of extreme and outrageous conduct. Finally, Hynes did not allege a claim under 42 U.S.C. § 1983 in his complaint, but even if the court construes his opposition to the motion to dismiss as a request for leave to amend, that request must be denied as futile because Hynes received constitutionally adequate process. Accordingly, Juneau's Motion to Dismiss (Rec. Doc. 10) is GRANTED; Hynes' claims against Juneau are hereby dismissed with prejudice.

New Orleans, Louisiana, this 19th day of September, 2022.

                                                        Janis van Meerveld
                                               United States Magistrate Judge