UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALBERT J. HYNES | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 22-2001 |
| | * | |
| LAKEFRONT MANAGEMENT AUTHORITY, ET AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| | * | |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion for Summary Judgment filed by defendant the Southeast Louisiana Flood Protection Authority-East ("SLFPA"). (Rec. Doc. 32). Because Mr. Hynes failed to file his charge before the Equal Employment Opportunity Commission until more than 300 days after his allegedly discriminatory termination from employment and because he failed to file suit more than one year after the date of his termination, all of Mr. Hynes' claims remaining in this lawsuit are untimely. Accordingly, the Motion for Summary Judgment is GRANTED; Mr. Hynes' complaint is dismissed with prejudice.

Background

Plaintiff Albert J. Hynes seeks damages for his allegedly wrongful termination from employment as a civil service Southeast Flood Protection Orleans Levee District police officer. He alleges claims for racial, gender, and age discrimination in violation of state and federal law.

Of relevance to the present motion, Hynes employment was terminated by SLFPA on March 10, 2021, following a suspension with pay beginning on December 10, 2020, and a period of investigation. Hynes appealed his termination to the Louisiana State Civil Service Commission. In February 2022, Hynes and SLFPA reached a settlement agreement wherein Hynes was deemed to have resigned effective December 31, 2021. He received back pay and emoluments due between

1

March 10, 2021, and December 31, 2021. Hynes contacted the United States Equal Employment Opportunity Commission on February 21, 2022, and then executed a charge of discrimination on March 15, 2022. The EEOC issued a notice of right to sue on March 22, 2022. Hynes filed this action in state court on May 16, 2022.

SLFPA argues that Hynes' federal employment discrimination claims are prescribed because he failed to file his EEOC charge within 300 days of the discriminatory act being challenged. It argues that his state law employment discrimination claims are prescribed because he filed suit more than one year after the date of his discharge. Finally, it argues that Hynes' negligence and defamation claims are barred because more than one year passed between the date of his discharge and the date he filed suit.

Hynes opposes. He argues that it did not become apparent to him that his civil rights had been violated until he and SLFPA signed the settlement agreement. He says that when his appeal was dismissed "he reflected on the reason(s) why [SLFPA] left open possible future disciplinary action in the settlement agreement." He explains that he is not prohibited from re-applying for employment with SLFPA, but the settlement agreement does not preclude SLFPA from using the "sham" investigation related to his termination in March 2021 as part of a matrix to discipline him again in the future. He received notice of the dismissal of his civil service appeal on February 7, 2022, and argues that this is the date when prescription began to toll for the filing of his EEOC charge. He argues that the settlement agreement amounts to a constructive discharge because he was effectively forced to resign effective December 31, 2021. He explains that if his termination was overturned during the civil service appeal and he returned to work, he would have faced discrimination and a hostile work environment on the basis of his sex, race, age, and in retaliation.

2

In reply, SLFPA argues that it does not matter when Hynes realized he had a claim for discrimination. It insists that for the calculation of prescription, his knowledge of his termination is the trigger. Further, SLFPA argues that it defies common sense to conclude that Hynes was constructively discharged on December 31, 2021, when he was actually discharged ten months earlier. It argues Hynes' voluntary decision to enter into the settlement agreement cannot form the basis of an employment discrimination claim.

Law and Analysis

1. *Standard for Summary Judgment*

Summary Judgment under Federal Rule of Civil Procedure 56 must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56. The movant has the initial burden of "showing the absence of a genuine issue as to any material fact." Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). The respondent must then "produce evidence or designate specific facts showing the existence of a genuine issue for trial." Engstrom v. First Nat. Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995). Evidence that is "merely colorable" or "is not significantly probative" is not sufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

"An issue is material if its resolution could affect the outcome of the action." Daniels v. City of Arlington, Tex., 246 F.3d 500, 502 (5th Cir. 2001). Thus, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. Although this Court must "resolve factual controversies in favor of the nonmoving party," it must only do so "where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013) (quoting Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540

(5th Cir. 2005). The Court must not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

2. *Time for Filing an EEOC Charge*

Title VII requires that a plaintiff must file his charge with the EEOC within 300 days after the alleged unlawful employment practice occurred in cases like this one where the plaintiff first filed his charge with the applicable state employment agency. 42 U.S.C. §2000e-5(e)(1). "A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed." United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977). Indeed, filing a timely charge with the EEOC is a precondition to filing suit, although the limitations period is subject to waiver, estoppel, and equitable tolling. Cruce v. Brazosport Indep. Sch. Dist., 703 F.2d 862, 863–64 (5th Cir. 1983).

The time period for filing "begins to run from the time the complainant knows or reasonably should have known that the challenged act has occurred." Vadie v. Miss. State Univ., 218 F.3d 365, 371 (5th Cir. 2000). "[T]he proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts became most painful." Delaware State Coll. v. Ricks, 449 U.S. 250, 258 (1980) (quoting Abramson v. Univ. of Hawaii, 594 F.2d 202, 209 (9th Cir. 1979)) (emphasis in original).

Plaintiff urges the court to apply equitable tolling. See Dumas v. Town of Mount Vernon, Ala., 612 F.2d 974, 978 (5th Cir. 1980) ("[E]quitable considerations may very well require that the filing periods not begin to run until facts supportive of a Title VII charge or civil rights action are or should be apparent to a reasonably prudent person similarly situated." (quoting Hamilton v. Gen. Motors Corp., 606 F.2d 576, 579 (5th Cir. 1979))). Importantly, the doctrine of equitable

tolling is applied sparingly and the plaintiff has the burden to justify it. Granger v. Aaron's, Inc., 636 F.3d 708, 712 (5th Cir. 2011). The Fifth Circuit has allowed equitable tolling where there is a pending suit between the same parties in another forum, where the plaintiff was unaware "of the facts giving rise to the claim because of the defendant's intentional concealment of them," or where the EEOC has mislead the plaintiff about the nature of his rights. Id. (quoting Wilson v. Sec'y, Dep't of Veterans Affs. on Behalf of Veterans Canteen Servs., 65 F.3d 402, 404 (5th Cir. 1995), as amended on denial of reh'g (Nov. 1, 1995)). For example, in Reeb v. Econ. Opportunity Atlanta, Inc., the employer had informed the plaintiff that adequate funds for her program would no longer be available and that her contract would not be renewed, but she alleged she was not alerted to unlawful discrimination until more than six months later when she learned that an allegedly less qualified male had been hired for the position. 516 F.2d 924, 925-926 (5th Cir. 1975).The Fifth Circuit reversed the district court's dismissal for lack of jurisdiction holding that the applicable limitations period "did not begin to run . . . until the facts that would support a charge of discrimination under Title VII were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff." Id. at 931. The court of appeals instructed the district court to consider this question as well as whether the employer had misled the plaintiff or attempted to conceal the discrimination from her. Id.

Critically, though, "equitable estoppel is not warranted where an employee is aware of all of the facts constituting discriminatory treatment but lacks direct knowledge of the employer's subjective discriminatory purpose." Christopher v. Mobil Oil Corp., 950 F.2d 1209, 1216 (5th Cir. 1992). It is enough that facts supporting a cause of action are apparent, it is not necessary that the employee be aware of all the evidence that he will rely on at trial. Id. The rule in both Title VII and ADEA age discrimination cases is that "the limitations period starts running when the plaintiff

knows of the discriminatory *act,* not when the plaintiff perceives a discriminatory motive behind the act." Id. at 1217 n. 2.

The material facts here are undisputed. Hynes was terminated on March 10, 2021. He filed a civil service appeal and settled that appeal in February 2022. As part of that settlement, SLFPA agreed to modify the disciplinary action from a termination to a voluntary resignation. The parties also agreed that Hynes would be deemed to have resigned on December 31, 2021, and that he would receive back pay and emoluments for the period from March 10, 2021, through December 31, 2021. Hynes filed his EEOC charge on March 15, 2022, alleging age and gender discrimination and retaliation. The EEOC issued a Determination and Notice of Rights on March 22, 2022. Hynes filed suit on May 16, 2022.

The issue is whether the date of Hynes' termination or a later date (the date he settled his civil service appeal in February 2022 or the date of his deemed resignation on December 31, 2021) triggered the 300 day period for filing an EEOC charge. If the former, then Mr. Hynes filed his EEOC charge too late and his Title VII claims are barred. If the latter, then his EEOC charge was timely filed.

Hynes' Title VII claims for discrimination are based on acts that occurred on or before March 10, 2021. He alleges he was held to a higher standard of performance than his female and younger male counterparts. (Rec. Doc. 1-1, at 9). He alleges a conspiracy to create a hostile work environment and/or to terminate his employment because he was white and over 40. Id. at 10. He alleges he received disparate disciplinary action with regards to the complaints that resulted in the investigation of his conduct and, eventually, his termination. Id. He alleges the investigation was flawed, that SLFPA failed to follow proper procedures, and that he was targeted for termination and terminated without just cause. Id. at 8-9. All of these alleged discriminatory acts occurred, at

the latest, on March 10, 2021, when Mr. Hynes' employment was terminated. By that time, Mr. Hynes knew or reasonably should have known the facts underlying the discrimination claims he asserts here. Accordingly, March 10, 2021, is the date that triggered the 300 day period to file an EEOC charge.

Hynes does not contend (nor does he present any evidence to support finding) that SLFPA concealed the discriminatory basis for his termination. Nor does Hynes contend that the EEOC misled him into delaying the filing of his EEOC charge. He does not allege that certain facts supporting his claim did not become apparent until he settled his administrative appeal in February 2022. He argues merely that after he entered the settlement, he realized that SLFPA could discriminate against him again if it rehired him by using the 2020-2021 investigation to enhance future discipline. This realization has nothing to do with his knowledge of the allegedly discriminatory acts that support the claims he raises in this lawsuit. He also urges the Court to treat the settlement he voluntarily entered into as a constructive discharge. But he was already discharged in March 2021. It is not possible to find that he was forced to resign in December 2021 for purposes of determining when he became reasonably aware of the allegedly discriminatory acts challenged here. There is simply no factual basis to equitably toll the limitations period here, and the Court will not do so. Hynes' employment discrimination claims under Title VII and the ADEA must be dismissed as untimely.

3. *Timeliness of State Law Employment Discrimination Claims*

Claims under the Louisiana Employment Discrimination Law are subject to a prescriptive period of one year. La. Rev. Stat. § 23:303(D). This period may be suspended during the pendency of an administrative investigation conducted by the EEOC. Id.  "[T]the general rule is that prescription begins to run from the date the discriminatory act is decided and communicated to the

employee." Eastin v. Entergy Corp., 2003-1030 (La. 2/6/04), 865 So. 2d 49, 56. In limited situations, the doctrine of *contra non valentem* may apply to suspend the prescriptive period. Id. Of possible applicability here, the so called "discovery rule" provides that prescription commences on the date the injured party discovers or should have discovered the *facts* upon which his cause of action is based. Id. at 55. Importantly, the plaintiff must show that his failure to timely file suit was reasonable. Id.

Hynes did not file his EEOC charge until March 15, 2022, more than one year after the date of his termination from employment. As such, the state law statute of limitations had already run before he went to the EEOC, so no additional time spent on the EEOC's investigation is owed. Just as the Court has found that Hynes' termination on March 10, 2021, triggered the time period for filing an EEOC charge, so too the Court finds that this date triggered the time period for filing a claim under the Louisiana Employment Discrimination Law. No facts here support finding that Mr. Hynes was not reasonably aware of the facts supporting his discrimination claims on March 10, 2021, or that anything prevented him from timely filing his lawsuit. Accordingly, Hynes' claims under the Louisiana Employment Discrimination Law must be dismissed as prescribed.

4. *Timeliness of Other State Law Claims*

Tort claims in Louisiana are subject to a liberative prescriptive period of one year. Hynes alleges negligence and defamation arising out of the investigation that resulted in his termination. The latest any of this conduct occurred was March 10, 2021. Hynes does not dispute this in opposition. He did not file suit until more than one year after that date. Accordingly, his state law claims must be dismissed as prescribed.

Conclusion

Hynes did not file his EEOC charge until more than 300 days after the alleged discriminatory acts and, accordingly, his Title VII and ADEA claims are hereby dismissed as untimely. Hynes did not file his EEOC charge or this lawsuit until more than one year after the alleged discriminatory acts and, accordingly, his claims under the Louisiana Employment Discrimination Law are hereby dismissed as prescribed. Finally, he did not file suit until more than one year after the allegedly negligent and defamatory acts of the SLFPA and therefore his state law claims are hereby dismissed as prescribed. Accordingly, SLFPA's Motion for Summary Judgment (Rec. Doc. 32) is GRANTED; Mr. Hynes' complaint is dismissed with prejudice.

New Orleans, Louisiana, this 21st day of June, 2023.

Janis van Meerveld
United States Magistrate Judge